**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ANTHONY HATCHES,
*Defendant-Appellant.*

No. 03-4150

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

SHAMICA TENNELLE POINDEXTER,
*Defendant-Appellant.*

No. 03-4151

Appeals from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(CR-02-58)

Submitted: August 29, 2003

Decided: September 17, 2003

Before TRAXLER and SHEDD, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

John E. Davidson, DAVIDSON & KITZMANN, Charlottesville, Virginia; Michael T. Hemenway, Charlottesville, Virginia, for Appellants. John L. Brownlee, United States Attorney, Bruce A. Pagel, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Following a jury trial, Anthony Hatches and Shamica Poindexter were both convicted of conspiracy to distribute and possess with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 846 (2000); Hatches was convicted of possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841 (2000); and Poindexter was convicted of the lesser included offense of possession with intent to distribute cocaine base. Hatches was additionally convicted of possessing a firearm during and in relation to or in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (2000); possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000); and possessing a firearm as a drug user in violation of 18 U.S.C. § 922(g)(3) (2000). In these consolidated appeals, Hatches and Poindexter challenge various aspects of their convictions and sentences. We affirm. We first address the claims raised by Hatches. Hatches argues that under Fed. R. Crim. P. 14 the district court erred in denying his motion to sever his trial on Count 4, the felon-in-possession of a firearm charge. He claims he suffered devastating prejudice from the introduction of his previous felony conviction at trial, even though counsel stipulated to the district court's limiting instruction, which informed the jury that Hatches's previous felony

conviction was only relevant to establish an element of Count 4 and was not related to drugs or firearms.

We review the denial of a motion to sever for an abuse of discretion. *United States v. Rhodes*, 32 F.3d 867, 872 (4th Cir. 1994). While the introduction of a previous felony for purposes of establishing a felon-in-possession charge can be prejudicial to a criminal defendant charged in a multiple count indictment, we reject Hatches's invitation to establish a *per se* rule regarding severance of such charges. *See United States v. Silva*, 745 F.2d 840, 844 (4th Cir. 1984).* Moreover, Hatches's arguments do not persuade us that severance would likely have led to a single disposition of all charges following trial on the remaining counts. Hence, we find that the district court did not abuse its discretion in denying Hatches's motion and that its limiting instruction cured any possible prejudice caused by the introduction of the prior felony conviction.

Next, Hatches asks the Court to strike his convictions under 18 U.S.C. § 922(g)(1), (3) as unconstitutional under the Commerce Clause. We have already addressed and rejected such a claim. *See United States v. Gallimore*, 247 F.3d 134, 138 (4th Cir. 2001); *United States v. Bostic*, 168 F.3d 718, 723 (4th Cir. 1999).

Hatches objects to the district court's refusal to instruct the jury that it could only convict him of the § 922(g)(3) count if it determined that he was using a controlled substance while simultaneously possessing a firearm. We rejected this argument in *United States v. Jackson*, 280 F.3d 403, 406 (4th Cir.), *cert. denied*, 536 U.S. 911 (2002). Thus, Hatches's argument is without merit. We likewise reject Hatches's alternative argument that the statute is unconstitutionally vague.

Hatches next raises two sufficiency of the evidence claims. He first attacks the evidence supporting his § 924(c) conviction, arguing it failed to establish that he possessed a firearm during and in relation to or in furtherance of a drug trafficking crime. He also challenges all

---

*To the extent that Hatches asks us to overturn our existing precedent, we are bound by prior precedent in the absence of any contrary en banc or Supreme Court ruling. *United States v. Rhue*, 191 F.3d. 376, 388 (4th Cir. 1999).

three of his firearm convictions on the basis that the Government failed to prove that his firearm was not an antique firearm exempted from prosecution under § 921(a)(3). As to the first claim, we find the evidence, viewed in the light most favorable to the Government, supports the jury's conclusion that Hatches possessed the firearm during and in relation to or in furtherance of a drug trafficking crime. *See United States v. Lomax*, 293 F.3d 701, 705 (4th Cir.), *cert. denied*, 123 S. Ct. 555 (2002). We likewise reject Hatches's sufficiency of the evidence claim concerning the firearm as baseless, the Government having introduced sufficient evidence to establish that the firearm in question was not an antique as defined in § 921(a)(16)(A)-(C).

Finally, Hatches avers the district court erred in assigning three criminal history points for Hatches's New York robbery conviction for an offense committed when he was sixteen. Pursuant to *U.S. Sentencing Guidelines Manual* § 4A1.2(d)(1) (2000), in reviewing a defendant's offense committed before the age of eighteen, the district court is obligated to add three criminal points if the defendant was convicted as an adult and sentenced to a term of imprisonment exceeding one year and one month. Hatches initially served a six-month sentence for the robbery, and subsequently served another year for the offense after a probation violation. Moreover, the New York legislature has determined that a "juvenile delinquent means a person over seven and *less than* sixteen years of age who does any act which, if done by an adult, would constitute a crime." N.Y. Family Court Act § 301.2[1] (McKinney 2003) (emphasis added). Accordingly, because Hatches was sixteen at the time of the offense and was sentenced as an adult to a term of imprisonment exceeding one year and one month, we reject this claim.

Shamica Poindexter raises one claim challenging her convictions and two claims challenging her sentence. We address each in turn. She first argues the district court erred under Fed. R. Evid. 404(b) in denying her motion to suppress two videotapes recorded several months prior to her arrest. The videotapes show Poindexter selling crack cocaine to a cab driver and paying for a cab ride with crack cocaine to the same driver, who was a Government informant. The district court instructed the jury that it must consider the videotapes only for the limited purpose of determining whether they established Poindexter's intent to commit the alleged offenses at trial.

We review a district court's evidentiary decisions for abuse of discretion. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). A district court will not be found to have abused its discretion unless its decision to admit evidence was arbitrary or irrational. *United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990). We have also developed a four-part test for the admissibility of prior bad act evidence: (1) the prior-act evidence must be relevant to an issue other than character, such as knowledge or intent; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) as required by Federal Rule of Evidence 403, its probative value must not be substantially outweighed by its prejudicial nature. *Queen*, 132 F.3d at 995. After careful consideration of Poindexter's arguments, we find the district court did not abuse its discretion in admitting the videotape evidence.

Next, Poindexter disputes the district court's relevant conduct finding that she was responsible for thirty-seven grams of cocaine base. Poindexter concedes she is responsible for one gram of cocaine base found next to her on the bed and the cash equivalent of fourteen grams of cocaine base converted from approximately $3000 recovered from the hotel room in which she and Hatches were arrested. Instead, she concentrates her argument on twenty-two grams of cocaine base found under the mattress of the second bed in the hotel room, claiming she could not have foreseen that drug quantity.

We review the district court's drug quantity determination for clear error, *United States v. Fletcher*, 74 F.3d 49, 55 (4th Cir. 1996). The Government has the burden of establishing the amount by a preponderance of the evidence, *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996). We review the district court's factual determinations concerning the application of the Sentencing Guidelines for clear error and legal conclusions de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). After careful consideration, we find the preponderance of the evidence demonstrates Poindexter was responsible for the twenty-two grams because they were reasonably foreseeable within the scope of the conspiracy. *See* USSG § 1B1.3(1)(B) and comment. (n.2).

Lastly, Poindexter contests the district court's two-level increase to her base offense level pursuant to USSG § 2D1.1(b)(1) for possession

of the firearm for which Hatches was indicted. The basis for Poindexter's argument is that she could not possess a firearm that Hatches owned and kept in his possession. We disagree.

We review the district court's decision to increase a defendant's base offense level for clear error. *United States v. Apple*, 915 F.2d 899, 914 (4th Cir. 1990). A conspirator can be held accountable for a co-conspirator's possession of a firearm, and we find sufficient evidence existed to support the district court's two-level enhancement. *See, e.g.*, USSG § 1B1.3(a); *United States v. Shorter*, 328 F.3d 167, 172 (4th Cir.), *petition for cert. filed*, (U.S. Aug. 11, 2003) (No. 03-5822) ("A defendant may have constructive possession of contraband even if it is not in [her] immediate possession or control") (citing *United States v. Kitchen*, 57 F.3d 516, 520 (7th Cir. 1995)); *United States v. Kimberlin*, 18 F.3d 1156, 1159-60 (4th Cir. 1994); *United States v. Nelson*, 6 F.3d 1049, 1054-55 (4th Cir. 1993) (*overruled on other grounds by Bailey v. United States*, 516 U.S. 137 (1995)). *See also United States v. Gallimore*, 247 F.3d 134, 136-37 (4th Cir. 2001) (reasoning that actual, constructive, or joint possession is sufficient to prove violation of 18 U.S.C. § 922(g)(1) beyond a reasonable doubt). We thus find the district court did not clearly err in applying USSG § 2D1.1(b)(1)'s two-level enhancement to Poindexter's base offense level and reject Poindexter's final claim.

Accordingly, we affirm Hatches's and Poindexter's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*