**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4898**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PRESTON GATTIS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CR-02-1156)

Submitted: August 31, 2005          Decided: September 26, 2005

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

W. Tracy Brown, THE BROWN LAW FIRM, Charleston, South Carolina, for Appellant. Lee Ellis Berlinsky, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Preston Gattis, Jr., appeals his convictions and 420-month sentence imposed after a jury found him guilty of drug and firearm offenses.[*] Gattis' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the admission of certain evidence and the sufficiency of the evidence supporting three of Gattis' convictions. Gattis has filed two pro se supplemental briefs raising these issues and asserting that the court should have dismissed a juror before deliberations began, that he did not have sufficient time to review the presentence report, and that, in light of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), his sentence as an armed career criminal under 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2005), violates the Sixth Amendment. We affirm.

Counsel and Gattis assert that the district court erred by admitting evidence of the drugs recovered from the controlled buys because they allege that the evidence introduced at trial was

---

[*]Specifically, Gattis was convicted of distribution of less than five grams of crack cocaine on January 8, 2002 (Count 1), and January 11, 2002 (Count 2), in violation of 21 U.S.C. § 841(a)(1) (2000); distribution of five grams or more of crack on February 16, 2002 (Count 3), in violation of § 841(a)(1); possession with intent to distribute five grams or more of crack and less than 500 grams of cocaine on February 23, 2002 (Count 4), in violation of § 841(a)(1); using and carrying firearms during and in relation to, and possessing firearms in furtherance of, a drug trafficking crime (Count 5), in violation of 18 U.S.C.A. § 924(c)(1)(A) (West 2000 & Supp. 2005); and possession of four firearms as a convicted felon (Count 6), in violation of 18 U.S.C. § 922(g)(1) (2000).

not the evidence collected at the scene. We review evidentiary rulings for an abuse of discretion. United States v. Jones, 356 F.3d 529, 535 (4th Cir.), cert. denied, 541 U.S. 952 (2004). Our review of the trial transcript leads us to conclude that the district court did not abuse its discretion in concluding that the Government sufficiently established a chain of custody for the drugs and in admitting the evidence at trial. See id.

Next, counsel and Gattis claim that the district court erred by failing to grant the motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29, on three counts--possession with intent to distribute five grams or more of crack cocaine and less than 500 grams of cocaine, possession of firearms by a convicted felon, and using and carrying firearms during and in relation to, or possessing firearms in furtherance of, a drug trafficking crime. These convictions were based upon the evidence seized during the execution of a search warrant for the residence located at 130 Deep Creek Trail, Cross, South Carolina. Gattis asserts that he did not live at that address and therefore did not have constructive possession of the guns and drugs recovered during the search.

We review the district court's decision to deny a Rule 29 motion de novo. United States v. Lentz, 383 F.3d 191, 199 (4th Cir. 2004), cert. denied, 125 S. Ct. 1828 (2005). Where, as here, the motion was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the

view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). Taking the evidence in the light most favorable to the Government, we conclude that the evidence supports the jury's verdict on the challenged counts. See United States v. Shorter, 328 F.3d 167, 172 (4th Cir. 2003) (discussing constructive possession).

Gattis also asserts that, in light of Booker, the district court violated his Sixth Amendment rights by sentencing him as an armed career criminal under § 924(e) and U.S. Sentencing Guidelines Manual § 4B1.4 (2003). Because Gattis did not object on this ground in the district court, we review this claim for plain error and find none. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (stating standard of review). Gattis' claim is foreclosed by our recent decision in United States v. Cheek, 415 F.3d 349, 350-51 (4th Cir. 2005) (holding that application of armed career criminal enhancement falls within exception for prior convictions when there is no dispute as to fact or characterization of those convictions).

- 4 -

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. We have carefully considered the remaining claims raised in Gattis' pro se supplemental briefs and conclude that they are without merit. Accordingly, we affirm Gattis' convictions and sentence. We also deny Gattis' motions to relieve his attorney (as supplemented), to strike counsel's <u>Anders</u> brief, and to compel discovery of trial exhibits, deny counsel's motion to withdraw, and deny as moot Gattis' motions to extend the time to file a brief and for the preparation of a transcript.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>