**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4668**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LASALLE BOONE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (2:07-cr-00145-RBS-FBS-1)

Submitted: March 31, 2009      Decided: April 29, 2009

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew A. Protogyrou, Nicholas L. Woodhouse, PROTOGYROU & RIGNEY, P.L.C., Norfolk, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Elizabeth Bartlett Fitzwater, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lasalle Boone was convicted after a jury trial of possession with the intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A)(iii) (West 2000 & Supp. 2006), and possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000 & Supp. 2006). He appeals, asserting that the district court erred in denying him leave to file an untimely motion to suppress evidence and that the evidence is insufficient to support his convictions. Finding no error, we affirm.

Under Fed. R. Crim. P. 12, motions to suppress evidence must be raised prior to trial or by the deadline established by the district court. See Fed. R. Crim. P. 12(b)(3)(C), 12(c). A defendant waives the right to file a suppression motion if he fails to file the motion prior to the deadline set by the district court, unless he can establish good cause for the waiver. Fed. R. Crim. P. 12(e). This court has found good cause to excuse an untimely motion to suppress where, for instance, the delay in filing the suppression motion was caused by the Government's failure to turn over the evidence sought to be suppressed. See United States v. Chavez, 902 F.2d 259, 263-64 (4th Cir. 1990).

This court will not disturb a district court's denial of leave to file an untimely motion to suppress unless the

2

district court committed clear error. See United States v. Ruhe, 191 F.3d 376, 385 (4th Cir. 1999); Chavez, 902 F.2d at 263. Accordingly, "reviewing courts rarely grant relief from denials of untimely suppression motions." Chavez, 902 F.2d at 263 (recognizing that appellate courts generally deny relief from the denial of untimely suppression motions where the motion was made after the court-imposed deadline and the defendant proffered only a "dubious excuse"); see Ruhe, 191 F.3d at 386-87 (holding that there existed no good cause to raise an untimely suppression issue where the defendant could have with due diligence discovered the information necessary to raise the issue). After review of the record, we conclude that the district court did not commit error, clear or otherwise, when it denied Boone leave to file an untimely motion to suppress.

Boone also challenges the sufficiency of the evidence supporting his convictions on the basis that the Government failed to show his possession of the cocaine base and the firearms seized in this case. At the close of the Government's evidence and the evidence as a whole, Boone moved for a judgment of acquittal under Fed. R. Crim. P. 29. We review the district court's denial of that motion de novo. E.g., United States v. Uzenski, 434 F.3d 690, 700 (4th Cir. 2006).

In assessing the sufficiency of the evidence, this court must determine whether the jury's verdict is sustained by

"substantial evidence, taking the view most favorable to the Government, to support it." United States v. Pierce, 409 F.3d 228, 231 (4th Cir. 2005) (quoting Glasser v. United States, 315 U.S. 60, 80 (1942)). Substantial evidence is evidence "that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, this court does not assess the credibility of witnesses and assumes that the jury resolved discrepancies in the testimony in the Government's favor. See United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

To convict Boone of possession with the intent to distribute cocaine base, the Government had to prove that he: (1) knowingly, (2) possessed the cocaine base, (3) with the intent to distribute it. See Burgos, 94 F.3d at 873. To convict Boone under 18 U.S.C. § 922(g)(1), the Government was required to prove that Boone: (1) was a convicted felon at the time of the offense; (2) voluntarily and intentionally possessed a firearm; and (3) that the firearm traveled in interstate commerce at some point. See United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). Possession may be actual or constructive. United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). The Government may prove constructive possession by

4

presenting evidence that the defendant exercised, or had the power to exercise, dominion and control over the item. Id. Moreover, possession need not be exclusive, but may be joint and can be established by direct or circumstantial evidence. United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985). Although a defendant's mere presence at, or joint tenancy of, a location where contraband is found is insufficient to establish constructive possession, United States v. Morrison, 991 F.2d 112, 115 (4th Cir. 1993), "where other circumstantial evidence . . . is sufficiently probative, proximity to contraband coupled with inferred knowledge of its presence" will support such a finding, United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980) (internal quotation marks and citation omitted). Consistent with this principle, this court has held that the fact that contraband is found in a defendant's residence "permits an inference of constructive possession." United States v. Shorter, 328 F.3d 167, 172 (4th Cir. 2003).

We have reviewed the record and conclude that the jury had sufficient evidence from which to infer and find that Boone had knowledge of and exercised dominion and control over the cocaine base and firearms seized in this case. In this case, prior to executing a search warrant at a residence on Vermont Avenue in Portsmouth, Virginia ("the Vermont Avenue residence"), law enforcement observed Boone in front of the residence

5

cleaning a vehicle. As a result of their search, law enforcement officials recovered cocaine base and various indicia of narcotics distribution, including United States currency, a digital scale, plastic bags and a razor blade, and a tin can with a false bottom, from a bedroom in the Vermont Avenue residence that also contained papers and personal effects bearing Boone's name. Boone's wife, who also occupied the Vermont Avenue residence, testified that the cocaine base and distribution indicia were not hers. Additionally, although Boone was not present at the Vermont Avenue residence when law enforcement officials began their search, he arrived there approximately thirty to forty minutes later, questioning what law enforcement officials were doing at his house.

The jury also heard testimony that Boone alone leased a residence at the Shamrock Gardens Apartments in Chesapeake, Virginia ("the Shamrock Gardens residence") from which an additional quantity of cocaine base and the firearms were recovered. The cocaine base was recovered from an upstairs bedroom in the Shamrock Gardens residence containing various personal effects and papers bearing Boone's name. The firearms were recovered from the residence's first floor living area, and the jury could infer Boone's access to them, as Boone was the sole authorized occupant of the residence and occupied it on a part-time basis.

This evidence was sufficient to allow a jury to infer and find that Boone had knowledge of and exercised dominion and control over the cocaine base and firearms recovered from the Vermont Avenue and Shamrock Gardens residences. Accordingly, the district court did not err in denying Boone's Rule 29 motions.

Therefore, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED