**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4682**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OTIS WALDRON, a/k/a Bruce Millington,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.   W. Earl Britt, Senior District Judge.  (7:07-cr-00101-BR-2)

Submitted:  July 14, 2010          Decided:  July 26, 2010

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas R. Wilson, GREENE & WILSON, P.A., New Bern, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Otis Waldron appeals his convictions of conspiring to distribute marijuana, possessing a firearm in furtherance of a drug trafficking crime, and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(c) (2006) and 21 U.S.C. § 846 (2006). On appeal, Waldron contends that the district court erred in failing to pose Waldron's requested question to the jury during voir dire, the evidence was insufficient to support his convictions, and the district court erred in allowing admission into evidence of Waldron's prior drug and firearms convictions. We affirm.

I.  Voir dire

Waldron first argues that the district court erred in refusing to ask a question requested by Waldron during voir dire. Prior to trial, Waldron requested for the court to pose the following question to the potential jurors: "Defendant, by his Rastafarian religious association and requirements, wears his hair in what are commonly called 'dreadlocks.' Does Defendant's choice in this appearance, by his religion, disable or prejudice any juror in deciding Defendant's guilt or innocence of the crime alleged by the [G]overnment." The district court agreed to question the jury regarding any prejudice toward dreadlocks, but refused to raise the issue of

2

Waldron's religion, finding that it was not relevant to the trial. Waldron challenges this refusal on appeal.

"The conduct of voir dire is committed to the sound discretion of the district court, and thus it is only a rare case in which a reviewing court will find error in the trial court's conduct." United States v. Hsu, 364 F.3d 192, 203 (4th Cir. 2004) (internal quotation marks and citation omitted). Therefore, there are only limited circumstances in which the Supreme Court has dictated the subject matter of voir dire. See United States v. Lancaster, 96 F.3d 734, 739 (4th Cir. 1996). For example, "[w]hen racial issues are inextricably bound up with the conduct of the trial, the constitutional guarantee of a trial by an impartial jury requires that a court not refuse a request for voir dire directed to racial prejudice." United States v. Barber, 80 F.3d 964, 968 (4th Cir. 1996). Conversely, where "the proposed question does not address issues of racial or ethnic prejudice, . . . the district court need not pursue a specific line of questioning on voir dire, provided the voir dire as a whole is reasonably sufficient to uncover bias or partiality in the venire." Id. at 739-40. However, appellate courts will find an abuse of discretion where the questions posed the venire do not yield "a reasonable assurance that prejudice would be discovered if present." Id. at 740 (internal citation and quotation marks omitted). After reviewing the

3

record, we conclude that the district court did not abuse its discretion in refusing to question the jury regarding Waldron's religion.

II. Sufficiency of the evidence

Waldron next challenges whether the evidence was sufficient to convict him of each offense. "A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). This court reviews a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005); see Glasser v. United States, 315 U.S. 60, 80 (1942). This court reviews both direct and circumstantial evidence, and accords the government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). This court will uphold the jury's verdict if substantial evidence supports it, and will reverse only in those rare cases of clear failure by the prosecution. Foster, 507 F.3d at 244-45.

A. Conspiracy

In order to support Waldron's conviction for conspiracy to distribute marijuana, the Government had to prove:

4

(1) that Waldron agreed with one or more individuals to possess with intent to distribute marijuana; "(2) that [he] had knowledge of that conspiracy; and (3) that [he] knowingly and voluntarily participated in the conspiracy." United States v. Mastrapa, 509 F.3d 652, 657 (4th Cir. 2007); see United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). "A defendant may have constructive possession of contraband even if it is not in his immediate possession or control." United States v. Shorter, 328 F.3d 167, 172 (4th Cir. 2003). In order to demonstrate constructive possession, the government must prove "that the defendant exercised, or had the power to exercise, dominion and control over the item." Id. After reviewing the record, we conclude the evidence was sufficient to allow a rational trier of fact to find Waldron guilty of conspiracy to possess with intent to distribute marijuana.

B.   Possession of a firearm in furtherance of a drug trafficking crime

Waldron also challenges his conviction for possession of a firearm in furtherance of a drug trafficking crime. To establish the 18 U.S.C. § 924(c)(1) violation, the Government had to present evidence "indicating that the possession of [the] firearm furthered, advanced, or helped forward a drug trafficking crime." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). As noted above, a defendant may have

5

possession of the firearm even if it is outside his immediate control, as long as he had the power to exercise dominion or control over the firearm. <u>Shorter</u>, 328 F.3d at 172. Additionally, <u>Lomax</u> provides further guidance when determining whether the possession was in furtherance of a drug trafficking crime:

> When making this factual determination, the fact finder is free to consider the numerous ways in which a firearm might further or advance drug trafficking. For example, a gun could provide a defense against someone trying to steal drugs or drug profits, or it might lessen the chance that a robbery would even be attempted. Additionally, a gun might enable a drug trafficker to ensure that he collects during a drug deal. And a gun could serve as protection in the event that a deal turns sour. Or it might prevent a transaction from turning sour in the first place. Furthermore, a firearm could help a drug trafficker defend his turf by deterring others from operating in the same area.

293 F.3d at 705. Additionally, several factors may suggest a connection between the possession of firearms and drug trafficking, including the "accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." <u>Id.</u> After reviewing the record, we conclude that a rational trier of fact could find Waldron guilty of possession of a firearm in furtherance of a drug trafficking crime.

6

C.   Possession of a firearm by a felon

Finally, Waldron challenges his conviction for possession of a firearm by a felon.   In order to prove a violation of 18 U.S.C. § 922(g)(1), the Government had to demonstrate (1) that Waldron was a convicted felon at the time of the offense; (2) he possessed the firearm intentionally and voluntarily; and (3) the firearm had traveled in interstate commerce.   United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001).   Waldron largely contends that, because the Government never presented evidence that the firearm found in the car travelled in interstate commerce, he could not have been convicted of violating § 922(g)(1).   However, the parties stipulated both that the firearms found in the trailer had travelled in interstate commerce, and that Waldron was a convicted felon.   (JA 43-44).   Additionally, the evidence clearly demonstrates that Waldron constructively possessed the firearms in question.   Accordingly, we conclude that the evidence was sufficient to allow a rational trier of fact to find the elements of this crime beyond a reasonable doubt.

III.  Prior convictions

Waldron next challenges the district court's denial of his motion in limine to exclude his prior convictions for possession of cocaine and discharging a weapon into an occupied dwelling.   Waldron contends that, because he did not place his

7

intent at issue during trial, his past convictions are irrelevant, not probative, and highly prejudicial. Under Fed. R. Evid. 404(b), evidence of a defendant's prior bad acts, though inadmissible to prove a defendant's character and "action in conformity therewith," may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identify, or absence of mistake or accident." Therefore, such evidence is admissible "if the evidence is (1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable." United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). Additionally, under Fed. R. Evid. 403, the probative value of the evidence must not be substantially outweighed by its prejudicial effect. Id.

This court reviews the admission of evidence under Rule 404(b) for abuse of discretion. Id. An abuse of discretion occurs when "the district court judge acted arbitrarily or irrationally in admitting evidence." United States v. Basham, 561 F.3d 302, 326 (4th Cir. 2009) (internal quotation marks omitted). After reviewing the record, we conclude that the district court did not abuse its discretion in allowing the admission of evidence of Waldron's prior convictions. Moreover, in light of the overwhelming evidence of Waldron's guilt, any Rule 404(b) error was clearly harmless.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>