**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5198**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ROBERT BERNARD ALEXANDER,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Jr., District Judge. (1:08-cr-00269-WO-1)

Submitted: August 6, 2010      Decided: August 17, 2010

Before TRAXLER, Chief Judge, and GREGORY and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina, Paul A. Weinman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Robert Bernard Alexander of possessing with intent to distribute 35.9 grams of crack in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(B). The district court sentenced Alexander to a prison term of 262 months, and Alexander now appeals his conviction and sentence. Finding no error, we affirm.

Alexander first challenges the district court's order denying his motion to suppress the cocaine base found during a search of his residence following his arrest for driving with a revoked license. "In reviewing a district court's ruling on a motion to suppress, we review the court's factual findings for clear error, and its legal conclusions de novo." United States v. Cain, 524 F.3d 477, 481 (4th Cir. 2008). When the district court denies a defendant's suppression motion, we construe "the evidence in the light most favorable to the government." United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005).

Alexander argues that the government failed to meet its burden of establishing voluntary consent. A statement is voluntary if it is "the product of an essentially free and unconstrained choice by its maker." Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973). The relevant determination regarding voluntariness is whether government agents have overborne the defendant's will or left his "capacity for self-determination

2

critically impaired." Id. Whether consent is given voluntarily or is the product of duress or coercion is a question of fact that is determined from the totality of all the circumstances and, accordingly, is reviewed under the clearly erroneous standard. See id. at 248-49 (explaining that "[v]oluntariness is a question of fact to be determined from all the circumstances"); United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996) (en banc) ("The voluntariness of consent to search is a factual question, and as a reviewing court, we must affirm the determination of the district court unless its finding is clearly erroneous."). Relevant considerations include "the characteristics of the accused (such as age, maturity, education, intelligence, and experience) as well as the conditions under which the consent to search was given (such as the officer's conduct; the number of officers present; and the duration, location, and time of the encounter)." See Lattimore, 87 F.3d at 650.

We have reviewed the record and conclude that the district court's finding that Alexander voluntarily consented to the search of his residence was not clearly erroneous. Viewed in the light most favorable to the government, the evidence showed that Alexander gave both written and verbal consent for officers to search the residence and that such consent was voluntary. The encounter took place in the defendant's residence in the

3

afternoon during daylight hours; almost all of the officers were in plain clothes and the defendant knew some of them; none of the officers brandished a weapon; the search lasted for only one hour; the defendant cooperated and even volunteered information; and the defendant was aware of his right to refuse consent as shown by his initial refusal to turn over the key and the fact that "he was aware that officers had to obtain his agreement to [perform] the limited protective sweep before they could enter his home." J.A. 92. To the extent that Alexander asserts a new challenge to the evidence recovered from his residence as derivative of an illegal search of his vehicle, our review of the record under the plain error standard reveals no basis for reversal. See United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010) ("[I]n the absence of proper preservation, plain-error review applies.").

Alexander next challenges the sufficiency of the evidence. This Court reviews "de novo a district court's denial of a motion, made pursuant to Rule 29 of the Federal Rules of Criminal Procedure, for judgment of acquittal." United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). In undertaking such a review, this Court is "obliged to sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." Id. (internal quotation marks omitted). In

4

determining whether the evidence is substantial, this Court "view[s] the evidence in the light most favorable to the government and inquire[s] whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007).

In order to establish possession with intent to distribute, the Government had to prove beyond a reasonable doubt: "(1) possession of the cocaine base; (2) knowledge of this possession; and (3) intention to distribute the cocaine base." See United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (en banc). Possession can be actual or constructive--"[a] defendant may have constructive possession of contraband even if it is not in his immediate possession or control." United States v. Shorter, 328 F.3d 167, 172 (4th Cir. 2003). "Constructive possession may be proved by demonstrating that the defendant exercised, or had the power to exercise, dominion and control over the item." Burgos, 94 F.3d at 873 (internal quotation marks omitted). Furthermore, "[l]ike conspiracy, [c]onstructive possession may be established by either circumstantial or direct evidence." Id. (internal quotation marks omitted).

Alexander argues that the government failed to prove the elements of possession.  Our review of the record, however, leads us to conclude that the evidence was more than sufficient to establish Alexander's possession of the narcotics, constructive or actual.

Finally, Alexander challenges the procedural reasonableness of his sentence.  This Court reviews a sentence for reasonableness under an abuse of discretion standard, Gall v. United States, 552 U.S. 38, 51 (2007), which requires consideration of both the procedural and substantive reasonableness of a sentence.  An appellate court must ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, failing to analyze any arguments presented by the parties, or failing to adequately explain the selected sentence. Id. at 51.

Alexander concedes that the district court correctly calculated the advisory guideline range of 262 to 327 months. However, he argues that the district court failed to sufficiently explain the reasons for the sentence it imposed and its rejection of Alexander's request for a downward variance to account for the guidelines' disparity between offenses involving cocaine powder and those involving crack cocaine.  "When

rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The court must also "state in open court the particular reasons supporting its chosen sentence," id. (internal quotation marks omitted), but, "[w]hen imposing a sentence within the Guidelines, . . . the [court's] explanation need not be elaborate or lengthy because [G]uidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy," United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted). We have carefully reviewed the record and conclude that the district court's explanation was sufficient to show that it had considered Alexander's argument and that it had a reasoned basis for imposing the sentence that it selected.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED