PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

EARL SHORTER,
　　　　　*Defendant-Appellant.*

No. 01-4942

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-00-390)

Argued: January 21, 2003

Decided: May 12, 2003

Before WILKINS, Chief Judge, and MICHAEL and
TRAXLER, Circuit Judges.

---

Affirmed by published opinion. Chief Judge Wilkins wrote the majority opinion, in which Judge Traxler joined. Judge Michael wrote an opinion concurring in part and dissenting in part.

---

## COUNSEL

**ARGUED:** Joseph Ryland Winston, Glen Allen, Virginia, for Appellant. Peter Sinclair Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee. **ON BRIEF:** Paul J. McNulty, United States Attorney, Richmond, Virginia, for Appellee.

---

**OPINION**

WILKINS, Chief Judge:

Earl Shorter appeals his convictions on drug and weapons charges, arguing that the district court erred in denying his motion to suppress, that the evidence is insufficient to support his convictions, and that the judgment contains duplicative convictions. Finding no error, we affirm.

I.

During the evening of October 13, 2000, law enforcement officers in Richmond, Virginia stopped a vehicle driven by Wayne Stroud for a traffic violation; Shorter was a passenger in the vehicle. During the traffic stop, Stroud produced a small quantity of marijuana and informed Sergeant Stephen Drew that he had obtained the marijuana from Shorter. Stroud further told Drew that he had purchased marijuana from Shorter many times, including the previous day, at Shorter's apartment at 207 Leigh Street, Apartment A, in Richmond, Virginia. Stroud added that he had visited Shorter's apartment earlier that evening to purchase additional marijuana, but that Shorter had informed him that he did not have any. Stroud further related that the two left together for the purpose of finding a source from which to purchase some. Stroud also explained that Shorter had purchased marijuana and resold it to Stroud just prior to the traffic stop. Additionally, Stroud related to Drew that he—Stroud—had more marijuana in his apartment.

Later that evening, Drew sought a search warrant for Shorter's residence based on the information provided by Stroud and other information known to the officers as a result of previous encounters with Shorter. The warrant application sought permission to search for marijuana, "any paraphernalia used in the preparation, packaging and distribution of marijuana," and any fruits or instrumentalities of the offense of marijuana distribution. J.A. 113. The affidavit supporting the warrant application included the following statement concerning probable cause:

On 10-13-2000 this affiant spoke with a confidential informant [Stroud] who stated that with in [sic] the past 72 hours they had been to [Shorter's apartment] and bought marijuana that was packaged for street distribution. The CI stated that they had purchased the marijuana from [Shorter]. The CI states that they have used marijuana in the past and is [sic] familiar with this drug in its appearance and it's [sic] method of packaging. The CI stated that they have been to this address in the past and have purchased marijuana as well as observing this same suspect have marijuana in his possession.

*Id.* at 114. The affidavit did not mention Stroud's statement to Drew that Shorter had no marijuana on the evening of October 13. A magistrate judge approved the affidavit, and Shorter's apartment was searched. Numerous items were seized, including a .25 caliber pistol, a 12-gauge shotgun, two shotgun shells, marijuana residue and paraphernalia, and a Texaco bill addressed to Shorter at the apartment.

Following a bench trial, Shorter was found guilty of one count of possessing marijuana, *see* 21 U.S.C.A. § 844 (West 1999) (Count Four), and two counts of possessing a firearm as a convicted felon and unlawful user of controlled substances, *see* 18 U.S.C.A. § 922(g)(1), (3) (West 2000) (Counts Eight and Nine). The district court merged the latter two counts for sentencing purposes, imposing a single sentence of 84 months and a single special assessment of $100.[1]

## II.

Prior to trial, Shorter moved to suppress the evidence seized during the search of his home, arguing that Sergeant Drew had willfully omitted a material fact—that Stroud had told Drew that Shorter did not have any marijuana in his apartment on the night of October 13—from his affidavit, in violation of *Franks v. Delaware*, 438 U.S. 154 (1978). The district court denied the motion to suppress, concluding that the omitted material should have been included in the affidavit

---

[1]The court also imposed a concurrent sentence and a separate $100 special assessment for the marijuana possession conviction.

but that it was not critical to a finding of probable cause. Shorter challenges this ruling.

Under the Fourth Amendment, searches and seizures conducted inside a home, without a warrant, are presumptively unreasonable. *See Payton v. New York*, 445 U.S. 573, 586 (1980). And, the Warrant Clause of the Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. In *Franks*, the Supreme Court held that affidavits supporting search warrants are presumed to be valid and that a criminal defendant may make a post hoc challenge to a facially sufficient affidavit only in very limited circumstances. *See Franks*, 438 U.S. at 171-72. Although *Franks* addressed a situation in which statements included in an affidavit were alleged to be false, we have extended the *Franks* holding to the omission of material facts from an affidavit. *See United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990).

A defendant may obtain a hearing concerning the validity of an affidavit supporting a search warrant by making "a substantial preliminary showing," *Franks*, 438 U.S. at 155, that the affiant omitted material facts "with the intent to make, or in reckless disregard of whether [he] thereby made, the affidavit misleading." *Colkley*, 899 F.2d at 300 (internal quotation marks omitted). This showing requires "a detailed offer of proof," *id.*, and "[a]llegations of negligence or innocent mistake are insufficient," *Franks*, 438 U.S. at 171. The defendant must also show that the omitted material was "'necessary to the finding of probable cause,'" *i.e.*, that the omitted material was such "that its inclusion in the affidavit would defeat probable cause," *Colkley*, 899 F.2d at 301 (quoting *Franks*, 438 U.S. at 156). Upon making this two-part preliminary showing, a defendant is entitled to a hearing, at which he bears the burden of proving the allegations by a preponderance of the evidence. *See Franks*, 438 U.S. at 156.

Here, the district court conducted a *Franks* hearing without requiring Shorter to make a preliminary showing, but denied relief on the merits. We affirm this ruling. First, Shorter failed to present any evidence, beyond the mere fact of the omission itself, that Sergeant Drew's failure to include the omitted material in the affidavit was either intentional or the product of a reckless disregard for the effect

of the omission on the validity of the affidavit. And, the fact of an omission, standing alone, is not sufficient to demonstrate intent or reckless disregard. *See Colkley*, 899 F.2d at 301.[2] Second, inclusion in the affidavit of the omitted fact—that Shorter had stated that he did not have any marijuana on the evening of October 13—would not have negated probable cause. Even if, as Shorter contends, there could be no probable cause to believe that marijuana would be found in his apartment in light of the omitted fact, the affidavit would still provide ample probable cause to support the issuance of a search warrant for paraphernalia used in marijuana distribution and other indicia of marijuana trafficking.

## III.

Shorter next contends that the evidence was insufficient to support his convictions. The search of the apartment revealed a .25 caliber pistol in a bedside table and a shotgun in a box in the kitchen pantry. Marijuana seeds and residue were found in the living room. Shorter nevertheless contends that this evidence is insufficient to support his convictions because it does not "connect [him] to the apartment in any significant way," does not establish his knowledge of the presence of the firearms in the apartment, and does not demonstrate that he was ever present in the apartment while the weapons and marijuana were present. Opening Br. of Appellant at 19. We disagree.

In reviewing a sufficiency challenge, our role is limited to considering whether "there is substantial evidence, taking the view most favorable to the Government, to support" the verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). We must bear in mind that "[t]he [fact finder], not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented," and that "if the evidence supports different, reasonable interpretations, the [fact finder] decides which interpretation to believe." *United*

---

[2]In *Colkley*, we left open the question of whether intent could be inferred from the omission of material that was "clearly critical" to the probable cause determination. *Id.* (internal quotation marks omitted). We need not decide that question here because, for the reasons discussed in the text, the omitted material was not critical to the probable cause determination, much less "clearly" so.

*States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). Reversal for insufficient evidence is reserved for cases in which "the prosecution's failure is clear." *Burks v. United States*, 437 U.S. 1, 17 (1978).

As for the evidence tying Shorter to the apartment, various documents bearing the names of Shorter and his wife, including the Texaco bill addressed to Shorter at the apartment, were found in a bedroom. No documents were found bearing any name other than those of Shorter and his wife. This evidence was sufficient to link Shorter to the residence. *Cf. United States v. Surratt*, 172 F.3d 559, 564 (8th Cir. 1999) (concluding that evidence, including photographs and rent receipts addressed to defendant, established his residency in apartment).[3]

We further conclude that the evidence was sufficient for a reasonable fact finder to conclude that Shorter had constructive possession of the firearms and marijuana. A defendant may have constructive possession of contraband even if it is not in his immediate possession or control. *See United States v. Kitchen*, 57 F.3d 516, 520 (7th Cir. 1995). In order to obtain a conviction on a theory of constructive possession, the Government must demonstrate through direct or circumstantial evidence "that the defendant exercised, or had the power to exercise, dominion and control over the item." *United States v. Jackson*, 124 F.3d 607, 610 (4th Cir. 1997) (internal quotation marks omitted). The Government made such a showing here. To begin with, the fact that the firearms and marijuana were found in Shorter's home permits an inference of constructive possession. *See United States v. Morris*, 977 F.2d 617, 620 (D.C. Cir. 1992). In the case of the marijuana, this inference is bolstered by the fact that the marijuana was found in the living room, in plain view, and other marijuana paraphernalia was found in the apartment. *See United States v. Fields*, 72 F.3d 1200, 1212 (5th Cir. 1996). And, despite Shorter's contention to the contrary, the fact that the weapons were not in plain view does not preclude a finding of constructive possession. The apartment was not

---

[3]Additionally, Shorter's wife informed two of the searching officers that she and Shorter lived in the apartment. This information, which is arguably inadmissible hearsay, *see* Fed. R. Evid. 801(c), 802, was elicited by Shorter without objection on cross-examination of the two officers.

so large, and the weapons were not so well hidden, as to prohibit a reasonable fact finder from concluding that Shorter was aware of their presence. *Cf. Kitchen*, 57 F.3d at 519-21 (affirming conviction for constructive possession of firearm found in dresser drawer when evidence indicated that defendant had access to bedroom where dresser was located). This is particularly so in view of the fact that ammunition for one of the firearms was found in plain view in the apartment, and a holster was found in the closet of the bedroom where Shorter's personal papers were located. *Cf. Surratt*, 172 F.3d at 564 (holding that evidence supported finding of constructive possession of concealed narcotics in part because narcotics paraphernalia was found in residence).

## IV.

Finally, Shorter argues that the district court erred in merging Counts Eight and Nine—the two firearms charges—for sentencing purposes rather than acquitting him of one of the two counts. Because Shorter did not object to the treatment of Counts Eight and Nine by the district court, our review is for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). In order to establish our authority to notice an error not preserved by a timely objection, Shorter must show that an error occurred, that the error was plain, and that the error affected his substantial rights. *See Olano*, 507 U.S. at 732. Even if Shorter can satisfy these requirements, correction of the error remains within our discretion, which we "should not exercise ... unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (second alteration in original) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).

Here, Shorter has failed to show even that the district court erred. The indictment against Shorter charged Counts Eight and Nine in a single paragraph, which alleged that Shorter possessed a .25 caliber pistol and a 12-gauge shotgun "having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and being an unlawful user of controlled substances." J.A. 128; *see* 18 U.S.C.A. § 922(g)(1) (prohibiting possession of firearm by convicted felon); *id.* § 922(g)(3) (prohibiting possession of firearm by unlawful user of controlled substances). Both of the firearms were found during the search of Shorter's apartment on October 13; thus,

his possession of them was simultaneous. The district court found him guilty of both counts, but recognized that the two counts alleged only a single offense. *See United States v. Dunford*, 148 F.3d 385, 388-90 (4th Cir. 1998) (holding that a defendant may not be convicted of multiple offenses under § 922(g) on the basis that he belonged to more than one prohibited class or that he simultaneously possessed more than one firearm). Specifically, although the judgment states that Shorter was "found" guilty of Counts Eight and Nine, it further states that he was "adjudged" guilty of Counts "Eight and Nine (merged for sentencing purposes)." J.A. 329. And, the judgment makes clear that no sentence or special assessment was imposed for Count Eight. Thus, we hold that Shorter stands convicted of only one 18 U.S.C.A. § 922(g) offense.

This result is in line with our decision in *United States v. Jones*, 204 F.3d 541 (4th Cir. 2000). In *Jones*, the defendant had received concurrent sentences for possession of cocaine base and possession of cocaine base with the intent to distribute. Concluding that the possession offense was a lesser included offense of the possession with the intent to distribute charge, we held that the former "should have been merged into the possession with intent to distribute conviction" and therefore ordered that the sentence for the possession conviction be vacated. *Jones*, 204 F.3d at 544; *see United States v. Cunningham*, 145 F.3d 1385, 1399 (D.C. Cir. 1998) (holding that duplicative § 922(g) convictions "should have been merged for sentencing purposes"); *United States v. Throneburg*, 921 F.2d 654, 657 (6th Cir. 1990) (recognizing that the district court "could merge [duplicative] convictions after the jury verdicts are recorded").

We note that the result here is not inconsistent with *Ball v. United States*, 470 U.S. 856 (1985), on which Shorter relies. In *Ball*, the Supreme Court held that it was improper to impose concurrent sentences on duplicative convictions because "[t]he separate *conviction*, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored." *Ball*, 470 U.S. at 865. The Court therefore remanded to the district court to vacate one of the duplicative convictions. *See id.* Unlike in *Ball*, here there is no duplicative conviction to be vacated because the district court merged the duplicative counts into a single conviction. And, any possible ambiguity in the judgment, which states that the § 922(g) counts were

"merged for sentencing purposes," J.A. 329, is avoided by the fact that the judgment reflects the imposition of only a single special assessment for a § 922(g) offense. *See* 18 U.S.C.A. § 3013 (West 2000); *Rutledge v. United States*, 517 U.S. 292, 301 (1996) (explaining that § 3013 requires the imposition of a special assessment for each conviction). We therefore find no error by the district court in the treatment of Counts Eight and Nine.

V.

For the reasons set forth above, we affirm.

*AFFIRMED*

MICHAEL, Circuit Judge, concurring in part and dissenting in part:

I concur in parts I through III of the majority opinion. However, because the district court committed plain error when it did not vacate one of Earl Shorter's duplicative convictions for possessing a firearm as a convicted felon and an unlawful user of controlled substances, *see* 18 U.S.C. § 922(g)(1), (3), I respectfully dissent from part IV. Shorter is guilty of only one § 922(g) offense, yet two convictions for this offense are recorded on his judgment. If we cannot exercise our discretion to correct this error, we are failing.

Section 922(g) makes it unlawful for a person in one of nine specific classes (for example, convicted felons, fugitives, and illegal drug users) to possess any firearm. A person who is a member of more than one disqualifying class only violates § 922(g) once for each act of possession. *United States v. Dunford*, 148 F.3d 385, 389 (4th Cir. 1998). Moreover, the simultaneous possession of multiple firearms in the same location constitutes only one violation of § 922(g). *Id.* at 390. When a person receives two convictions for conduct that warrants just one conviction under the applicable statute, "the only remedy consistent with the congressional intent is for the District Court . . . to exercise its discretion to vacate one of the underlying convictions." *Ball v. United States*, 470 U.S. 856, 864 (1985). *See also United States v. Murphy*, ___ F.3d ___, 2003 WL 1879128 (4th Cir. April 16, 2003) (vacating multiplicative contempt convictions);

*United States v. Bennafield*, 287 F.3d 320, 324 (4th Cir. 2002) (same for convictions for possession of a controlled substance); *Dunford*, 148 F.3d at 390 (firearms possession); *United States v. Mason*, 611 F.2d 49, 53 (4th Cir. 1979) (receipt of firearms and making false written statements).

Shorter — a convicted felon and illegal drug user who had two guns in his house — was charged in two counts (eight and nine) of violating § 922(g). Although it is undisputed that Shorter was guilty of only one § 922(g) offense, the judgment entered in his case reflects that he "is adjudged guilty" of counts "Eight *and* Nine (merged for sentencing purposes)" (emphasis added). Shorter did not object in district court, and that court failed to vacate one of the convictions. Because the district court *sentenced* Shorter for only one § 922(g) offense, the majority holds that he "stands *convicted* of only one 18 U.S.C.A. § 922(g) offense." *Ante* at 8 (emphasis added). I disagree and would use plain error analysis to correct the mistake. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-37 (1993).

First, there is error in the judgment entered by the district court. *See Olano*, 507 U.S. at 732-34. The judgment states that Shorter "is adjudged guilty" of counts eight and nine, which were duplicative § 922(g) charges for one offense. The majority holds that there was no duplicative conviction (and hence no error) because the district court merged counts eight and nine for sentencing purposes and imposed a special assessment for only one § 922(g) offense. The majority contends that its holding is in line with *United States v. Jones*, 204 F.3d 541 (4th Cir. 2000), but *Jones* does not support the proposition that merging the § 922(g) counts for sentencing means that Shorter has only one gun conviction. In *Jones*, where the defendant was sentenced on convictions for possession of crack with the intent to distribute and the lesser included offense of possession, we vacated the sentence on the possession count. The discussion in *Jones* is cryptic, but its citation to *Brown v. Ohio*, 432 U.S. 161 (1977), reveals that we were enforcing the Double Jeopardy Clause's prohibition on multiple punishments for the same offense. *See Jones*, 204 F.3d at 544. Here, the questions are whether Shorter actually committed two offenses and whether two convictions may be noted on his judgment; the question is not (as it was in *Jones*) whether the defendant's two offenses warranted multiple punishments. Because *Dun-*

*ford* makes clear that Shorter's conduct constituted only one § 922(g) violation, *see* 148 F.3d at 388-90, recording two convictions was error, regardless of how the sentence was structured.

Second, the error in the judgment is plain, that is, the error is "clear under current law." *See Olano*, 507 U.S. at 732, 734. It is not enough that the district court merged Shorter's § 922(g) counts for sentencing and that it imposed only one special assessment. These measures do not change the number of convictions reflected on the face of the judgment. Shorter still stands convicted of two counts of firearms possession. The Supreme Court said in *Ball* that when a person has been convicted of duplicative offenses, the "only remedy" is to vacate one of the convictions. *Ball*, 470 U.S. at 864. By failing to follow *Ball*'s clear instruction, the district court committed plain error.

Third, the error affects Shorter's substantial rights. *See Olano*, 507 U.S. at 732, 734. Merging the duplicative convictions for sentencing cures much of the prejudice, but "[t]he separate conviction . . . has potential adverse collateral consequences that may not be ignored." *Ball*, 470 U.S. at 865 (emphasis omitted). *See also Bennafield*, 287 F.3d at 324. I recognize that insofar as the federal sentencing guidelines are concerned, the second conviction is not likely to affect Shorter in the future. *See* U.S.S.G. §§ 4A1.1-.2 (2002) (determining criminal history category by length of sentence, not number of convictions). Nevertheless, the extra conviction might render Shorter eligible for enhanced sentencing under a state repeat offender statute. In addition, any prosecutor, probation officer, prospective employer, or reporter looking at Shorter's record will see two convictions. The extra conviction will be available "to impeach [his] credibility and [will] certainly carr[y] the societal stigma accompanying any criminal conviction." *Ball*, 470 U.S. at 865.

Finally, I firmly believe that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings," *Olano*, 507 U.S. at 732, 735-37 (internal quotation marks, brackets, and citation omitted), and we should exercise our discretion to correct it. Shorter was convicted twice for a crime he only committed once. There is no public good to be served by allowing the extra conviction to stand. Retaining the conviction is unfair to Shorter, and it makes our system look bad. Because all of the requirements for plain error

relief are satisfied, I would vacate one of Shorter's § 922(g) convictions.