**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4368

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY HAMES,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CR-03-44-MU)

Submitted: December 19, 2005      Decided: January 31, 2006

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Richard A. Culler, CULLER & CULLER, P.A., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Karen S. Marston, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Timothy Hames was convicted by a jury of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). He received a sentence of seventy months of imprisonment. On appeal, he argues that the district court erred in denying his motion for judgment of acquittal based on insufficiency of the evidence and abused its discretion in its jury instruction regarding constructive possession. Citing United States v. Booker, 125 S. Ct. 738 (2005), Hames also contends that his Sixth Amendment right to a jury trial was violated because he was sentenced on facts found by the court and not by the jury, and that the district court erred in applying enhancements under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2002) and USSG § 2K2.1(c)(1)(A). For the reasons that follow, we affirm Hames' conviction, but vacate his sentence and remand for resentencing.

Hames first argues that the district court erred in denying his motion for judgment of acquittal based on insufficiency of the evidence. This court reviews de novo the district court's decision to deny a Fed. R. Crim. P. 29 motion. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Where, as here, the motion was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Wills, 346

- 2 -

F.3d 476, 495 (4th Cir. 2003), <u>cert. denied</u>, 542 U.S. 939 (2004). Substantial evidence is defined as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" <u>United States v. Newsome</u>, 322 F.3d 328, 333 (4th Cir. 2003) (quoting <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996)). The court reviews both direct and circumstantial evidence and permits "the government the benefit of all reasonable inferences from the facts proven to those sought to be established." <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982). Circumstantial evidence may be sufficient to support a conviction "even though it does not exclude every reasonable hypothesis consistent with innocence." <u>United States v. Jackson</u>, 863 F.2d 1168, 1173 (4th Cir. 1989). Witness credibility is within the sole province of the jury, and the reviewing court will not reassess the credibility of testimony. <u>United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989). We have reviewed the parties' briefs and the materials submitted in the joint appendix and conclude that sufficient evidence supports the jury's verdict. We therefore find the district court did not err in denying the motion.

Next, Hames argues that the district court erred in its jury instruction regarding constructive possession. Specifically, he argues that the court's instruction did not make knowledge an

essential element to a finding of guilt under a theory of constructive possession. This court reviews jury instructions for abuse of discretion. United States v. Ruhe, 191 F.3d 376, 385 (4th Cir. 1999). The district court's instructions will be upheld "provided the instructions, taken as a whole, adequately state the controlling law." Teague v. Bakker, 35 F.3d 978, 985 (4th Cir. 1994). Possession may be actual or constructive. United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). "In order to obtain a conviction on a theory of constructive possession, the Government must demonstrate through direct or circumstantial evidence 'that the defendant exercised, or had the power to exercise, dominion and control over the item.'" United States v. Shorter, 328 F.3d 167, 172 (4th Cir. 2003) (quoting United States v. Jackson, 124 F.3d 607, 610 (4th Cir. 1997); see United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992).

This court has held that "where other circumstantial evidence . . . is sufficiently probative, proximity to contraband coupled with inferred knowledge of its presence will support a finding of guilt on such charges." United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980). In this case, the court made it clear in its instructions to the jury that proximity to the gun alone could not establish constructive possession. We have reviewed the court's instructions in light of the law of this

circuit concerning constructive possession and find no abuse of discretion.

Last, with respect to Hames' challenge to his sentence under Booker, he did not raise a Sixth Amendment challenge to the Guidelines below; we therefore review for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, Hames must establish that error occurred, that it was plain, and that it affected his substantial rights. Id. at 547-48. If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

In Booker, the Supreme Court held that the mandatory Guidelines scheme that provided for sentence enhancements based on facts found by the court violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56. The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the Guidelines, thus making the Guidelines advisory. Id. at 756-57. Subsequently, in Hughes, this court held that a sentence that was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury or admitted by the

defendant, constitutes plain error that affects the defendant's substantial rights and warrants reversal under <u>Booker</u>. <u>Hughes</u>, 401 F.3d at 546-56.

Here, Hames maintains that he did not admit to the facts underlying the district court's four-level enhancement under USSG § 2K2.1(b)(5) (defendant used or possessed the firearm in connection with another felony offense, kidnaping), and the application of the cross-reference to USSG § 2A4.1 under USSG § 2K2.1(c)(1)(A) (instructing to apply base offense level for kidnaping if higher). Therefore, he argues that the enhancements, found by a preponderance of the evidence, violated his Sixth Amendment rights. Because Hames' 70-month sentence exceeds the maximum authorized by the facts found by the jury, we conclude that the district court committed plain error in sentencing Hames and that the error requires resentencing. <u>Hughes</u>, 401 F.3d at 547.[1]

Although the Sentencing Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>Hughes</u>, 401 F.3d at 546. The court should

---

[1]As we noted in <u>Hughes</u>, "We of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Hames' sentencing. <u>Hughes</u>, 401 F.3d at 545 n.4.

consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. _Id._ If that sentence falls outside the Guidelines range, the court should explain its reasons for imposing a non-Guidelines sentence, as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005). _Id._ The sentence must be "within the statutorily prescribed range and . . . reasonable." _Id._

Based on the foregoing, we affirm Hames' conviction and vacate his sentence and remand for resentencing.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

---

[2]Because we vacate Hames' sentence, it is unnecessary for us to reach his challenge to his Guidelines calculation. _Hughes_, 401 F.3d at 556 n.15.