**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4227**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

XAVIER STANLEY EXUM,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, Senior District
Judge.  (8:13-cr-00320-DKC-1)

———————————

Submitted:  June 28, 2016            Decided:  July 27, 2016

———————————

Before WILKINSON, AGEE, and KEENAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Thomas J. Saunders, LAW OFFICE OF THOMAS J. SAUNDERS, Baltimore,
Maryland, for Appellant.  Rod J. Rosenstein, United States
Attorney, Gerald A. A. Collins, Nicholas J. Patterson, Special
Assistant United States Attorneys, Greenbelt, Maryland, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xavier Stanley Exum appeals his conviction and 78-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). Exum argues that the district court erroneously failed to suppress the fruits of a search of an apartment, his postarrest statements, and cell-site location information ("CSLI"). Exum also argues that the district court erred by allowing a Government expert witness to testify despite inadequate notice, denying his Fed. R. Crim. P. 29 motion, and applying a sentence enhancement for possessing a firearm in connection with a drug trafficking offense. We affirm.

I.

Exum challenges the denial of his motions to suppress. We review factual findings underlying a district court's denial of a motion to suppress for clear error and legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). We also construe the evidence "in the light most favorable to the Government, as the party prevailing below." United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013).

Exum first argues that the officers improperly entered the apartment where he was staying when they were seeking to arrest him for a parole violation. "[A]n arrest warrant founded on

2

probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." Payton v. New York, 445 U.S. 573, 603 (1980). Although Exum argues that the officers had no reason to believe he was home at the time they entered the apartment, see United States v. Hill, 649 F.3d 258, 262 (4th Cir. 2011) (providing standard), we disagree.

Assuming, without deciding, that probable cause is required,* courts use a "totality-of-the-circumstances approach" in making that determination. Illinois v. Gates, 462 U.S. 213, 230 (1983). "[P]robable cause involves probabilities — judgment calls that are tethered to context and rooted in common sense." United States v. White, 549 F.3d 946, 947 (4th Cir. 2008); see Gates, 462 U.S. at 232 (describing probable cause as "fluid concept"). "Under this pragmatic, common sense approach, we defer to the expertise and experience of law enforcement officers at the scene." United States v. Dickey–Bey, 393 F.3d 449, 453 (4th Cir. 2004).

Here, an officer found Exum's vehicle parked near the apartment and saw someone peeking through the apartment's

---

* As noted by the parties, courts disagree as to whether Payton's "reason to believe" standard requires a showing of probable cause or something less, and we have not resolved the issue. Hill, 649 F.3d at 262-63.

3

blinds. Moreover, the apartment manager told the officer that Exum spent his days at the apartment and that, if his car was there, Exum would be there. Based on this information, we conclude that the officers reasonably believed that Exum was home and that their entry into the apartment was proper.

Exum also argues that the officers exceeded the scope of their search when they moved a door and an air mattress to confirm the presence of firearms. Because the officers were lawfully present in the apartment and had a lawful right to access the firearms from their positions, and because the incriminating character of the firearms was immediately apparent due to Exum's prior felony, we conclude that the seizure of the firearms under the plain-view doctrine was proper. See United States v. Green, 599 F.3d 360, 376 (4th Cir. 2010) (discussing doctrine and holding that officer seeking to execute arrest warrant could seize cash from under bed where cash was visible without moving bed). Accordingly, we affirm the district court's denial of the motion to suppress the fruits of the apartment search.

Next, Exum challenges the district court's failure to suppress all of his postarrest statements. Because Exum was in custody and had not been informed of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), any statements that he

4

made as a result of interrogation must be suppressed. See Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980) (defining interrogation); see also United States v. Johnson, 734 F.3d 270, 277 (4th Cir. 2013) ("[W]hen the police have no reason to expect that a question will lead a suspect to incriminate himself, that question cannot constitute an interrogation under Miranda."). Our review of the record leads us to conclude that there is no evidence any of Exum's unsuppressed, inculpatory statements were foreseeably precipitated by the officers' remarks. Accordingly, we affirm the district court's denial of the motion to suppress Exum's postarrest statements.

Finally, Exum argues that the Government's acquisition of his CSLI under 18 U.S.C. § 2703(d) (2012) was improper. Because Exum did not assert this argument below, our review is for plain error. United States v. Fuertes, 805 F.3d 485, 497 (4th Cir. 2015), cert. denied, 136 S. Ct. 1220 (2016) (providing standard); see Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (same). While this appeal was pending, we held that the Government is not required to obtain a warrant before procuring a defendant's CSLI. United States v. Graham, __ F.3d __, __, Nos. 12-4659, 12-4825, 2016 WL 3068018, at *1, *3-4 (4th Cir. May 31, 2016). Accordingly, we affirm the denial of Exum's motion to suppress his CSLI.

5

## II.

Exum argues that the district court erred by admitting the testimony of an expert witness who, Exum believes, had not been timely disclosed pursuant to Fed. R. Crim. P. 16(a)(1)(G). Because "Rule 16 is silent as to the timing of expert witness disclosures" and "there is no pre-trial discovery order governing such timing in this case, our review considers whether the district court abused its discretion in finding that as a matter of general fairness, [the Government's] disclosure was []timely." United States v. Holmes, 670 F.3d 586, 598 (4th Cir. 2012) (affirming exclusion of expert witness who was disclosed "with only three days remaining before trial, two of which fell during the weekend").

The Government filed its expert disclosure 11 days before trial, and defense counsel acknowledged receipt 7 days before trial. Although Exum argues that the Government's disclosure did not reveal this witness was an expert witness, the notice belies his claim. Accordingly, we hold that the district court did not abuse its discretion in allowing this expert's testimony.

## III.

Turning to Exum's challenge to the sufficiency of the evidence, we review de novo the district court's denial of a

6

Rule 29 motion. United States v. Royal, 731 F.3d 333, 337 (4th Cir. 2013). We will sustain the jury's verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. White, 771 F.3d 225, 230 (4th Cir. 2014) (internal quotation marks omitted), cert. denied, 135 S. Ct. 1573 (2015).

Although Exum does not dispute that he had previously been convicted of a felony or that the firearms at issue had moved in interstate commerce, he argues that there is insufficient evidence that he possessed those firearms. See Royal, 731 F.3d at 337 (outlining elements of § 922(g) offense); see also United States v. Al Sabahi, 719 F.3d 305, 311 (4th Cir. 2013) (discussing constructive possession). Here, the Government presented ample evidence that Exum was living at the apartment where the firearms were found. These firearms, which were located under an air mattress and behind a door, were not so well hidden to prevent the jury from reasonably concluding that Exum was aware of their presence. United States v. Shorter, 328

F.3d 167, 172 (4th Cir. 2003). Accordingly, we affirm the denial of Exum's Rule 29 motion.

## IV.

With regard to his sentence, Exum asserts that the district court erred by applying a sentence enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2013), for possessing firearms in connection with another felony. Here, it is undisputed that a handgun was stored under an air mattress in the living room of the apartment, a shotgun was stored behind the door of a nearby room, and drugs and drug paraphernalia were stored in the kitchen. United States v. McKenzie-Gude, 671 F.3d 452, 463-64 (4th Cir. 2011) (discussing proof to satisfy "in connection with" requirement). Based on these facts, we hold that the district court did not clearly err in finding that these firearms were stored in close enough proximity to the drug paraphernalia to warrant an inference that Exum possessed these firearms in connection with his drug activity. See United States v. Manigan, 592 F.3d 621, 629 (4th Cir. 2010); see also United States v. Cox, 744 F.3d 305, 308 (4th Cir. 2014) (stating standard of review).

## V.

We affirm the judgment of the district court. We deny Exum's motion to file a pro se brief. See United States v.

8

Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED