**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4307**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM LEON RHODES,

Defendant - Appellant.

**No. 17-4318**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM LEON RHODES,

Defendant - Appellant.

Appeals from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:16-cr-00202-1; 2:12-cr-00010-1)

Submitted: October 27, 2017                     Decided: November 3, 2017

Before WILKINSON and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Research & Writing Specialist, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Carol A. Casto, United States Attorney, Meredith George Thomas, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, William Leon Rhodes appeals the district court's judgment entered after a jury convicted him of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012), and the district court's judgment order revoking his supervised release on the basis of the jury's verdict. Rhodes contends that insufficient evidence supports the jury's verdict and that, because the district court relied on the verdict in finding he violated his supervised release, the district court abused its discretion in revoking his supervision. We disagree, and accordingly affirm the district court's judgments.

"[W]e review de novo a district court's denial of a motion for judgment of acquittal." *United States v. Fuertes*, 805 F.3d 485, 501-02 (4th Cir. 2015). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the government. *United States v. Engle*, 676 F.3d 405, 419 (4th Cir. 2012). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of guilt beyond a reasonable doubt." *Id.* In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *United States v. Dinkins*, 691 F.3d 358, 387 (4th Cir. 2012). Thus, "reversal for insufficiency must be confined to cases where the prosecution's failure is clear." *Engle*, 676 F.3d at 419 (internal quotation marks omitted).

Rhodes contends that the Government failed to establish that he constructively possessed the firearm, a Heritage revolver. A person has constructive possession over

3

contraband if he has "knowledge of the presence of the contraband" and "ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was concealed." *United States v. Herder*, 594 F.3d 352, 358 (4th Cir. 2010). Constructive possession may be proven by either direct or circumstantial evidence, considering the totality of the circumstances surrounding the defendant's alleged possession of the item. *Id.* A jury may infer that a defendant constructively possessed firearms that were found within his residence if the residence is "not so large, and the weapons were not so well hidden, as to prohibit a reasonable fact finder from concluding that [the defendant] was aware of their presence." *United States v. Shorter*, 328 F.3d 167, 172 (4th Cir. 2003).

We conclude that sufficient evidence supports the jury's verdict.[*] Officers found the firearm in the master bedroom of Rhodes' residence and Rhodes admitted that he lived alone 95 percent of the time. There is no dispute that Rhodes slept in the master bedroom. Moreover, the firearm was not well hidden, and the jury could have inferred that Rhodes was aware that there was a firearm under his pillow, and that he kept the firearm under the pillow to have immediate access to it. While Rhodes relies heavily on his stepson's testimony in support of his argument, the jury was entitled to disbelieve the stepson.

---

[*] Because we conclude that sufficient evidence supports the jury's verdict, we discern no abuse of discretion in the district court's decision to revoke Rhodes' supervised release based on the jury's verdict. *See United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (stating standard of review).

4

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*