**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4577**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

MICHAEL THOMAS ALLEN,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:20-cr-00145-NCT-1)

Submitted:  June 17, 2021                        Decided:  July 28, 2021

Before AGEE, FLOYD, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Craig M. Principe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Thomas Allen appeals the 100-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Allen argues that the district court erred in imposing a Sentencing Guidelines enhancement based on possession of a firearm with an altered or obliterated serial number. *See* U.S. Sentencing Guidelines Manual § 2K2.1(b)(4)(B) (2018). Finding no error, we affirm.

In assessing Guidelines challenges, we review the district court's legal determinations de novo and its factual findings for clear error. *United States v. Allen*, 909 F.3d 671, 677 (4th Cir. 2018). A factual finding is clearly erroneous if, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *United States v. Ferebee*, 957 F.3d 406, 417 (4th Cir. 2020) (internal quotation marks omitted).

The Government is required to prove disputed Guidelines enhancements by a preponderance of the evidence. *United States v. Kobito*, 994 F.3d 696, 701 (4th Cir. 2021). "[T]he burden of showing something by a preponderance of the evidence simply requires the trier of fact to believe that the existence of a fact is more probable than its

nonexistence." *United States v. Manigan*, 592 F.3d 621, 631 (4th Cir. 2010) (alteration and internal quotation marks omitted).

Unlawful possession of a firearm may be actual or constructive and exclusive or joint. *United States v. Lawing*, 703 F.3d 229, 240 (4th Cir. 2012). "A defendant may have constructive possession of contraband even if it is not in his immediate possession or control." *United States v. Shorter*, 328 F.3d 167, 172 (4th Cir. 2003). Constructive possession requires both that the defendant "knew of the contraband's presence and had the power to exercise dominion and control over it." *United States v. Hall*, 858 F.3d 254, 259 (4th Cir. 2017) (alterations and internal quotation marks omitted). Constructive possession also must be intentional. *See United States v. Al Sabahi*, 719 F.3d 305, 311 (4th Cir. 2013); *United States v. Scott*, 424 F.3d 431, 436 (4th Cir. 2005).

"[M]ere proximity to the contraband," "mere presence on the property where the contraband is found," or "mere association with the person who does control the contraband" is insufficient to establish dominion and control over the contraband. *United States v. Blue*, 808 F.3d 226, 232 (4th Cir. 2015). Further, "mere joint tenancy of a residence is insufficient to prescribe possession of its contents to all occupants" absent "some additional nexus linking the defendant to the contraband." *Id.* (alterations and internal quotation marks omitted); *see Hall*, 858 F.3d at 270-71 (applying principle and collecting cases). Viewing the evidence in its entirety in light of these standards, we discern no clear error in the district court's finding that Allen constructively possessed the firearm underlying the enhancement.

3

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*