**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-4259**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTIN O'NEAL BARNES,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:17-cr-00060-D-1)

_____

Submitted:  December 30, 2021                    Decided:  January 5, 2022

_____

Before NIEMEYER, AGEE, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Sean P. Vitrano, VITRANO LAW OFFICES, PLLC, Wake Forest, North Carolina, for Appellant.  Kenneth A. Polite, Jr., Assistant Attorney General, Lisa H. Miller, Acting Deputy Assistant Attorney General, Thomas E. Booth, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; G. Norman Acker, III, Acting United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin O'Neal Barnes was convicted by a jury of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g). The district court sentenced Barnes to 120 months' imprisonment, the statutory maximum. Barnes appeals, challenging the validity of his conviction in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the sufficiency of the evidence with respect to his possession of the firearm at issue, and the district court's jury instruction regarding flight as evidence of guilt. Finding no error, we affirm.

Barnes first contends that his § 922(g) conviction must be vacated in light of the Supreme Court's ruling in *Rehaif* because the indictment did not allege that Barnes knew he had a qualifying felony conviction. "In felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the firearm." *Greer v. United States*, 141 S. Ct. 2090, 2095 (2021) (emphasis added). "[A] *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100.

Prior to trial, Barnes stipulated that he had been "convicted of a crime punishable by imprisonment for a term exceeding one year (a felony), and his right to possess a firearm had not been restored." Because Barnes admitted that he knew he had a qualifying prior conviction at the time of the offense, we find no error under *Rehaif*.

2

Barnes next argues that the evidence was insufficient to establish that he actually or constructively possessed the firearm at issue. Unlawful possession of a firearm may be actual or constructive and exclusive or joint. *United States v. Lawing*, 703 F.3d 229, 240 (4th Cir. 2012). "A defendant may have constructive possession of contraband even if it is not in his immediate possession or control." *United States v. Shorter*, 328 F.3d 167, 172 (4th Cir. 2003). Constructive possession requires both that the defendant "knew of the contraband's presence and had the power to exercise dominion and control over it." *United States v. Hall*, 858 F.3d 254, 259 (4th Cir. 2017) (alterations and internal quotation marks omitted). Constructive possession also must be intentional. *See United States v. Al Sabahi*, 719 F.3d 305, 311 (4th Cir. 2013).

Viewed in the light most favorable to the Government, *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc), the evidence presented at Barnes' trial established the following. On the afternoon of October 11, 2017, officers from the Greenville North Carolina police department responding to an emergency call observed Barnes driving away in a Ford Crown Victoria. The officers followed Barnes and saw him entering an ABC store. Store employees testified that Barnes was intoxicated and did not make a purchase. In-store video showed Barnes bending over a box of gin but not taking a bottle from the box. A search of the store revealed a loaded Ruger .45 semi-automatic pistol in the box of gin on the sales counter where Barnes had been seen. Shell casings recovered from Barnes' vehicle matched the casings recovered from the shooting at the convenience store.

Barnes relies on *United States v. Blue*, 808 F.3d 226 (4th Cir. 2015), arguing that there was no evidence that he possessed the gun found in the store. "[M]ere proximity to

the contraband," "mere presence on the property where the contraband is found," or "mere association with the person who does control the contraband" is insufficient to establish dominion and control over the contraband. *Id.* at 232. However, here a jury could reasonably infer that a gun found in a box that Barnes was seen bending over was placed there by Barnes. *See United States v. Moody*, 2 F.4th 180, 192-93 (4th Cir. 2021) (holding that circumstances supporting an inference of constructive possession of a firearm can be sufficient for a § 924(c) conviction). A store employee testified that no one else had been in the store at the time Barnes was there and she had not seen any customers in the store with a gun. We therefore conclude that the evidence was sufficient to establish Barnes' possession of the firearm.

Finally, Barnes argues that the district court abused its discretion in giving an instruction on flight as evidence of guilt. Specifically, Barnes claims that the district court improperly instructed the jury that it was allowed to infer consciousness of guilt if it found that Barnes had attempted to flee from police officers.

We "review a district court's decision to give a particular jury instruction for abuse of discretion . . . and review[s] whether a jury instruction incorrectly stated the law de novo." *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir. 2018) (citations omitted). A jury instruction is not erroneous if, "in light of the whole record, [it] adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Id.* (internal quotation marks omitted). "Even if a jury was erroneously instructed, however, we will not set aside a resulting verdict unless the

4

erroneous instruction seriously prejudiced the challenging party's case." *Id.* (internal quotation marks omitted).

"[I]n appropriate circumstances, a consciousness of guilt may be deduced from evidence of flight and . . . a jury's finding of guilt may be supported by consciousness of guilt." *United States v. Obi*, 239 F.3d 662, 665 (4th Cir. 2001). "[T]he jury's consideration of evidence of flight requires that it be able, from the evidence, to link such flight to consciousness of guilt of the crime for which the defendant is charged." *Id.* "To establish this causal chain, there must be evidence that the defendant fled or attempted to flee and that supports inferences that (1) the defendant's flight was the product of consciousness of guilt, and (2) his consciousness of guilt was in relation to the crime with which he was ultimately charged and on which the evidence is offered." *Id.* We have reviewed the transcript of Barnes' trial and find that the district court's instruction fairly and accurately informed the jury of the controlling legal principles without misleading or confusing them on this issue.

Accordingly, we affirm Barnes' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*