**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4700**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL SCOTT GARCIA,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cr-00291-WO-1)

_____

Submitted:  June 22, 2023                                     Decided:  June 26, 2023

_____

Before HARRIS and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Charles L. White, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Frank Joseph Chut, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Scott Garcia appeals his convictions and the 148-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[*] Garcia's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether the district court erred by imposing two Sentencing Guidelines enhancements based on its determination that the offense involved at least three firearms, *see* U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(A) (2021), including one with an altered or obliterated serial number, *see* USSG § 2K2.1(b)(4)(B). Although he was informed of his right to file a pro se supplemental brief, Garcia has not done so. The Government has declined to file a response brief or to move to enforce the appeal waiver contained in Garcia's plea agreement. Finding no error, we affirm.

At sentencing, Garcia contended that he never possessed a specific firearm with an altered serial number and that, without that firearm, neither of the challenged offense enhancements were applicable. "In evaluating whether the district court properly applied

---

[*] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Garcia's offense was committed before the June 25, 2022, amendment of the statute.

the advisory sentencing guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Pena*, 952 F.3d 503, 507 (4th Cir. 2020). A factual finding is clearly erroneous if, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *United States v. Ferebee*, 957 F.3d 406, 417 (4th Cir. 2020) (internal quotation marks omitted).

The Government is required to prove disputed Guidelines enhancements by a preponderance of the evidence. *United States v. Kobito*, 994 F.3d 696, 701 (4th Cir. 2021). "This burden simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020) (internal quotation marks omitted). Unlawful possession of a firearm may be actual or constructive and exclusive or joint. *United States v. Lawing*, 703 F.3d 229, 240 (4th Cir. 2012). "A defendant may have constructive possession of contraband even if it is not in his immediate possession or control." *United States v. Shorter*, 328 F.3d 167, 172 (4th Cir. 2003). Constructive possession must be intentional, *see United States v. Al Sabahi*, 719 F.3d 305, 311 (4th Cir. 2013), and requires both that the defendant "knew of the contraband's presence and had the power to exercise dominion and control over it," *United States v. Hall*, 858 F.3d 254, 259 (4th Cir. 2017) (cleaned up). "[M]ere proximity to the

3

contraband, . . . mere presence on the property where the contraband is found, or . . . mere association with the person who does control the contraband" is insufficient to establish dominion and control over the contraband. *United States v. Blue*, 808 F.3d 226, 232 (4th Cir. 2015).

Viewing the evidence in light of these standards, we discern no clear error in the district court's finding that Garcia constructively possessed the third firearm underlying the enhancements. In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's amended judgment. This court requires that counsel inform Garcia, in writing, of the right to petition the Supreme Court of the United States for further review. If Garcia requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Garcia. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*