**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 24-4069**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARSAWN DAGGINS,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:22-cr-00028-TSK-MJA-1)

———————————

Submitted:  December 5, 2024                Decided:  December 9, 2024

———————————

Before GREGORY and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** Lance E. Rollo, Morgantown, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Wheeling, West Virginia, Zelda E. Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marsawn Daggins pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[1] The district court sentenced Daggins to 57 months' imprisonment. On appeal, Daggins argues that the district court erred in calculating her advisory Sentencing Guidelines range by applying a two-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(A) (2021), based on the court's finding that Daggins possessed three firearms, rather than one.[2] Finding no reversible error, we affirm.

We review a defendant's sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted). In considering a challenge to the calculation of the Sentencing Guidelines, we review the district court's legal determinations de novo and its factual findings for clear error. *Id.* "A [factual] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The new penalty provision does not apply in this case, however, because Daggins committed her offense before the June 25, 2022, amendment to the statute.

[2] Daggins has not properly raised any other issues for our consideration in her opening brief. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)).

2

been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *United States v. Ferebee*, 957 F.3d 406, 417 (4th Cir. 2020) (internal quotation marks omitted).

The Government is required to prove disputed Guidelines enhancements by a preponderance of the evidence. *United States v. Kobito*, 994 F.3d 696, 701 (4th Cir. 2021). "This burden simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020) (internal quotation marks omitted). Unlawful possession of a firearm may be actual or constructive and it may be exclusive or joint. *United States v. Lawing*, 703 F.3d 229, 240 (4th Cir. 2012). "A defendant may have constructive possession of contraband even if it is not in h[er] immediate possession or control." *United States v. Shorter*, 328 F.3d 167, 172 (4th Cir. 2003). Constructive possession can be shown where the defendant "had the power and the intention to exercise dominion and control over the firearm," and may be established by either direct or circumstantial evidence. *United States v. Al Sabahi*, 719 F.3d 305, 311 (4th Cir. 2013) (internal quotation marks omitted). "[M]ere proximity to the contraband, . . . mere presence on the property where the contraband is found, or . . . mere association with the person who does control the contraband" is insufficient to establish dominion and control over the contraband. *United States v. Blue*, 808 F.3d 226, 232 (4th Cir. 2015).

3

In January 2021, law enforcement officers executed a search warrant on an apartment where several undercover controlled drug purchases had occurred in connection with a police investigation into a drug distribution conspiracy. Upon executing the warrant, officers found Daggins, the only person in the residence at the time, in a bedroom with a pistol, a digital scale, and her cell phone next to her. Two other firearms were found unsecured in common areas of the apartment, along with drugs, several cell phones, and prescription pads from two different doctors. Police obtained a warrant to search Daggins's cell phone, which contained text messages setting up the acquisition and sale of narcotics and arranging to obtain firearms. At sentencing, the court found that because Daggins was alone in the apartment, the two additional firearms were easily accessible to her, there were drugs and drug paraphernalia present, and her text messages contained evidence of drug and gun activity, it was reasonable to infer under the preponderance of the evidence standard that she had the ability and intent to exercise dominion and control over the other two firearms in connection with drug activity, and was therefore in constructive possession of them.

On appeal, Daggins contends that there was insufficient evidence to support the sentencing enhancement, because the Government failed to show anything more than mere proximity to the two firearms located outside of the bedroom where she was found. However, viewing the evidence in light of the standards articulated above, we discern no clear error in the district court's finding that Daggins constructively possessed the two firearms underlying the enhancement. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*