**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-4375**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TASKEEN LAWRENCE TYLER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:19-cr-00071-TDS-1)

_____

Submitted:  June 22, 2021                           Decided:  August 23, 2021

_____

Before NIEMEYER, RICHARDSON, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina for Appellant.  Matthew G.T. Martin, United States Attorney, Jacob D. Pryor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, the district court convicted Taskeen Lawrence Tyler of escape, in violation of 18 U.S.C. § 751(a) (Count 1); bank robbery, in violation of 18 U.S.C. § 2113(a) (Count 2); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 3). The court sentenced Tyler to 150 months' imprisonment, at the top of his advisory Sentencing Guidelines range. On appeal, Tyler argues that there is insufficient evidence supporting his convictions on Counts 2 and 3 and that his sentence is substantively unreasonable. We affirm.

"We review the denial of a motion for judgment of acquittal de novo." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the convictions when viewed in the light most favorable to the Government. *Id.* "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (cleaned up). In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219. "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

To obtain a conviction under 18 U.S.C. § 2113(a) for bank robbery, the Government must prove that "(1) the defendant took, or attempted to take, money belonging to, or in the custody, care, or possession of, a bank, credit union, or saving and loan association; (2)

the money was taken by force and violence, or by intimidation; [and] (3) the deposits of the institution were federally insured." *United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016) (internal quotation marks omitted). Tyler only challenges the second element.

The intimidation element is satisfied if "an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts," whether or not the defendant actually intended the intimidation. *United States v. Woodrup*, 86 F.3d 359, 363-64 (4th Cir. 1996) (internal quotation marks omitted). "Under this test, the subjective courageousness or timidity of the victim is irrelevant." *United States v. Ketchum*, 550 F.3d 363, 367 (4th Cir. 2008) (internal quotation marks omitted). "[P]roof of express threats of bodily harm, threatening body motions, or the physical possibility of a concealed weapon" are not required to establish the intimidation element. *Id.* (internal quotation marks omitted). Notably, the intimidation element "generally may be established based on nothing more than a defendant's written or verbal demands to a teller." *Id.*

While Tyler argues that his note to the teller merely asked for money, as opposed to demanding it, this an immaterial distinction. Not only did Tyler hand the teller a note, he also warned her not to activate an alarm because he would be watching her. Moreover, when the teller attempted to persuade Tyler not to proceed with the robbery, he became antsy and irate, stating, "I need it now. You need to give it to me now." Additionally, Tyler interrupted the teller when she attempted to count out the money to him, demanding that she "[j]ust give it to" him. Thus, we conclude that there was sufficient evidence of intimidation.

3

As for Count 3, to establish a conviction under § 922(g)(1), the Government is required to show: "(i) that the defendant was a convicted felon at the time of the offense; (ii) that he voluntarily and intentionally possessed a firearm; and (iii) that the firearm traveled in interstate commerce at some point."[1] *United States v. Adams*, 814 F.3d 178, 183 (4th Cir. 2016) (internal quotation marks omitted). Tyler only challenges the possession element of this offense.

A person has constructive possession over a firearm if he "intentionally exercised dominion and control over the firearm, or had the power and the intention to exercise dominion and control over the firearm." *United States v. Al Sabahi*, 719 F.3d 305, 311 (4th Cir. 2013) (internal quotation marks omitted). Constructive possession may be proven by either direct or circumstantial evidence. *Id.* A jury may infer that a defendant constructively possessed firearms that were found within his residence if the residence is "not so large, and the weapons were not so well hidden, as to prohibit a reasonable fact finder from concluding that [the defendant] was aware of their presence." *United States v. Shorter*, 328 F.3d 167, 172 (4th Cir. 2003).

Here, Tyler was the only occupant of the motel room when law enforcement arrived. He immediately alerted the officers to the presence of the firearm in the bathroom. He stated that he then passed the firearm to law enforcement, contradicting his current argument that he lacked the ability to control the firearm. Moreover, Tyler described the

---

[1] The Government must also show that the defendant "knew he had [a prohibited] status when he possessed" the firearm. *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019).

firearm in detail to law enforcement in his statement.  Thus, there was sufficient evidence to establish Tyler's possession of the firearm.  We therefore affirm his convictions.

Finally, Tyler contends that his sentence is substantively unreasonable.  We review a defendant's sentence "under a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007).  Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness.  *Id.* at 51.  If a sentence is free of "significant procedural error,"[2] then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances."  *Id.*  We apply "a presumption of reasonableness to a sentence within or below a properly calculated guidelines range."  *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (internal quotation marks omitted).  This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors."  *Id.* at 357-58 (internal quotation marks omitted).

Tyler cannot overcome the presumption of reasonableness accorded his within-Guidelines sentence.  The district court considered counsel's arguments, credited some of the points that he made, but found that the § 3553(a) factors called for a sentence at the high end of the Guidelines range.  We discern no abuse of discretion in the district court's conclusion.

---

[2] Although Tyler does not challenge the procedural reasonableness of his sentence, we must "review the sentence for procedural reasonableness *before* addressing whether it is substantively reasonable," even if the parties do not address it in their opening briefs. *United States v. Provance*, 944 F.3d 213, 215, 218 (4th Cir. 2019).  We have reviewed the record and found no procedural error in this case.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*